IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSB SPINE, LLC,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>DEPUY SYNTHES SALES, INC., and<br>DEPUY SYNTHES PRODUCTS, INC,<br><br>　　　　　Defendants. | Civil Action No. 19-1515-RGA |

MEMORANDUM ORDER

This Memorandum Order addresses the first part of Defendants' Motion for Partial Summary Judgment (D.I. 167), in which Defendants move for partial summary judgment that the asserted claims of U.S. Patent No. 6,984,234 ("the '234 patent") are invalid as anticipated. The motion has been fully briefed (D.I. 168, 188, 199), and I heard oral argument on November 16, 2022. The remainder of Defendants' motion, as well as Plaintiff's Motions for Summary Judgment (D.I. 174, 175), are addressed separately.

I.   **BACKGROUND**

Plaintiff RSB Spine ("RSB") filed suit against Defendants DePuy Synthes Sales and DePuy Synthes Products (together, "DePuy") alleging infringement of the '234 patent and U.S. Patent No. 9,713,537 ("the '537 patent") (together, the "Asserted Patents"). (D.I. 10 at 1). Defendants asserted counterclaims of invalidity and non-infringement as to both patents, and, in the alternative, interference between their own U.S. Patent No. 7,846,207 and each of the Asserted Patents. (D.I. 16 at 33-34, 36, 39).

1

The Asserted Patents concern spinal implant devices used in spinal fusion surgeries. (D.I. 168 at 2). Plaintiff asserts claims 9 and 12 of the '234 patent, both of which depend on claim 1. Claim 1 reads, in relevant part:

> 1. A method for joining first and second bones having top surfaces and side surfaces generally facing each other, the method comprising:
>
> inserting between the side surfaces of the bones a base plate having a first end nearer the first bone and a second end nearer the second bone, wherein the base plate has a first screw hole extending through the first end and a second screw hole extending through the second end; . . .

('234 patent at 8:62-9:3). Claims 9 and 12 add additional claim elements, which are not at issue in this motion.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (cleaned up). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

"To show that a patent claim is invalid as anticipated, the accused infringer must show by clear and convincing evidence that a single prior art reference discloses each and every element of a claimed invention." *Silicon Graphics, Inc. v. ATI Tech., Inc.*, 607 F.3d 784, 796 (Fed. Cir. 2010). "[E]very element of the claimed invention [must be described], either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue

2

experimentation." *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1346 (Fed. Cir. 2009). As with infringement, the court construes the claims and compares them against the prior art. *See Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010). "While anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, 609 F.3d 1345, 1349 (Fed. Cir. 2010).

### III. DISCUSSION

Defendants allege that claims 9 and 12 of the '234 patent are anticipated by U.S. Patent Publication No. 2002/0099376 to Michelson ("Michelson 376"), a published patent application filed on January 23, 2001. (D.I. 169 Ex. 1 at 2 of 841). The parties agree there is only a single disputed issue in this anticipation analysis: whether Michelson 376 discloses a "base plate." (D.I. 168 at 15, D.I. 188 at 7). Every other claim element is disclosed in Michelson 376. Consequently, resolving this motion for summary judgment boils down to determining whether or not, making all inferences in Plaintiff's favor, a reasonable jury could find that Michelson 376 does not disclose a base plate. I rule for Defendants because, in light of my claim construction, I find that no reasonable jury could conclude that Michelson 376 does not disclose a base plate.

I construed the term base plate to mean "fixation plate to stabilize adjacent vertebrae for fusion." (D.I. 127). Plaintiff argued during claim construction that a "base plate" needed to be "distinct" from a spacer. (D.I. 123 at 8). I rejected this requirement, particularly because Plaintiff indicated that the "base plate" and spacer could both be made of bone graft material. *Id.*

Defendants argue that, given my rejection of this requirement, the trailing end of Michelson 376 is a base plate. (D.I. 168 at 14-15). It "has two opposed surfaces . . . connected by a relatively thinner surface." *Id.* at 15. It fulfills each claim limitation, with a first end nearer the

3

first bone, a second end nearer the second bone, a first screw hole extending through the first end, and a second screw hole extending through the second end. Defendants' expert provided annotated drawings indicating as much.[1] *Id*. at 14-15.

To establish a dispute of material fact, Plaintiff tries to point to evidence suggesting that the trailing end cannot be a base plate because it is not a plate.

First, Plaintiff first looks to Michelson 376, arguing that the trailing end is not a plate because Michelson 376 does not refer to it as a plate, even though Michelson referred to other structures as plates in other publications. (D.I. 188 at 8). This argument misses the point. Defendants correctly note that anticipation "is not an 'ipssimis verbis' test." *In re Bond*, 910 F.2d 831, 832 (Fed. Cir. 1990). The fact that Michelson 376 does not use the word "plate" does not carry any weight in this analysis.

Second, Plaintiff criticizes Defendants' expert for identifying an "arbitrarily subdivided portion of a monolithic structure to be a 'base plate.'" (D.I. 188 at 9). Yet, the portion of the object in question—the "trailing end"—is identified and discussed in Michelson 376 itself. (D.I. 169 Ex. 1 ¶¶ 40-41("Trailing end 104 includes bone screw receiving holes . . .")). Reference

---

[1] Defendants also observe that, in the prosecution of a later patent in the same family, an examiner identified the trailing end as a base plate. (D.I. 168 at 15-16).

number 104 can be seen in Figure 1, below (arrow annotation added), as well as other figures in



the patent. *See, e.g., id.* figs. 1, 2, 6. I do not think a reasonable jury could find such a subdivision to be arbitrary. It is also worth noting that accepting Defendants' subdivision does not imply that "a 'portion' of any three-dimensional object could be a 'plate,' if sliced the right way by imaginary lines." (D.I. 188 at 13). Pointing to a portion of an object recognized and identified by its inventor is different from slicing that object with imaginary lines.

      Third, Plaintiff relies upon its expert, Mr. Drewry, for the proposition that "plate" had some plain and ordinary meaning in 2003, and that the trailing end of Michelson 376 does not comport with that meaning. (D.I. 188 at 11). Specifically, Mr. Drewry asserts that a "plate" must be a "distinct component or structure" and "not a contiguous portion of a monolithic structure."

*Id.* As noted above, however, I have already rejected the notion that a base plate is necessarily "distinct." (D.I. 123 at 8). Plaintiff attempts to reconcile Mr. Drewry's report with my construction. It concedes that a plate may be "indistinct from a spacer," but maintains that "a monolithic construct *could* be considered a plate, provided that the structure as a whole, and not merely an arbitrarily subdivided portion thereof, would be identifiable to a POSITA as a plate." (*Id.* at 12). It is difficult to fathom how a plate and a spacer may be "indistinct" from each other while still as a whole being a plate, or how a plate may be both "distinct," as Mr. Drewry requires, and "indistinct," as Plaintiff suggests. Mr. Drewry's opinions on this issue run contrary to my claim construction and therefore cannot be the basis for opposing summary judgment.

      The only genuine disputes Plaintiff offers are disputes with my claim construction. Plaintiff does not provide new arguments, but rather recasts arguments I have already ruled against. I conclude that there is no genuine dispute of material fact as to whether Michelson 376 discloses a base plate. Defendants' motion for summary judgment of invalidity as to claims 9 and 12 of the '234 patent is GRANTED.

      IT IS SO ORDERED.

Entered this 22nd day of November, 2022.

/s/ Richard G. Andrews  
United States District Judge