## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSB SPINE, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 19-cv-1515-RGA |
| DEPUY SYNTHES SALES, INC. and DEPUY SYNTHES PRODUCTS, INC., | REDACTED PUBLIC VERSION |
| Defendants. | |

## PLAINTIFF'S MOTION IN LIMINE #2: EXCLUSION OF UNQUALIFIED EXPERT TESTIMONY AND LEGAL CONCLUSIONS FROM FACT WITNESSES

*OF COUNSEL:*
Erik B. Milch
Dustin M. Knight
COOLEY LLP
11951 Freedom Drive
One Freedom Square
Reston, VA 20190-5656

Bonnie Fletcher-Price
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004

Joseph M. Drayton
COOLEY LLP
55 Hudson Yards
New York, NY 10001

Reuben Chen
Elizabeth Stameshkin
David Murdter
Juan Pablo González
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Plaintiff RSB Spine, LLC*

Dated:  November 21, 2022

**Plaintiff's Opening *In Limine* Request**

DePuy's Rule 30(b)(6) corporate witness, Mr. Beat Lechmann, should be precluded from offering expert opinions or legal conclusions at trial. Lay witness opinion is restricted to percipient fact testimony and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701, 702. Parties seeking to introduce expert testimony must comply with Federal Rule of Civil Procedure 26(a)(2)'s disclosure requirements no later than ninety (90) days prior to the date set for trial. Aside from Dr. Cheng and Mr. McElroy, DePuy has offered no other expert-related disclosures. No additional expert witnesses have been noticed, identified, or otherwise proffered, including Mr. Lechmann. Fed. R. Civ. P. 26(a)(2)(A). No other expert written reports or additional expert disclosures have been served on RSB. Fed. R. Civ. P. 26(a)(2)(B), Fed. R. Civ. P. 26(a)(2)(C). It is far too late for DePuy to now convert Mr. Lechmann into an unqualified expert for purposes of trial when it had ample opportunity to proffer him in the years leading up. RSB never had the opportunity to depose Mr. Lechmann as a proffered expert, or to challenge under *Daubert* the reliability of any potential expert opinions from Mr. Lechmann.

DePuy never disclosed Mr. Lechmann as an expert during discovery or served any Rule 26(a)(2) disclosures or reports in connection with him. He was *only* designated during fact discovery as one of DePuy's several Rule 30(b)(6) corporate witnesses. It is thus improper for Mr. Lechmann to render expert opinions now, especially related to non-infringement and the alleged commercialization of U.S. Pat. No. 7,846,207 ("Lechmann '207"), a patent where he is the first-named inventor. *E.g.*, *Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 424 F.3d 1161, 1167 (Fed. Cir. 2005) (excluding an inventor's testimony where the inventor offered expert testimony regarding a patent's interpretation but failed to submit an expert report); *Sundance, Inc. v. Demonte Fabricating, Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2008) (witness may not testify as to whether product is noninfringing without being qualified as an expert); *Apotex, Inc. v. Cephalon, Inc.*,

No. 06-cv-2768, 2017 WL 2362400, at *4-5 (E.D. Pa. May 31, 2017) ("[I]t would be inappropriate, under [Fed. R. Evid.] 701 and 702, for a lay witness, not previously qualified as an expert, to offer an opinion on the technical question of infringement."). RSB expects DePuy will solicit expert testimony from Mr. Lechmann based on his untimely declaration that DePuy attached to its summary judgment filings. (*See* D.I. 187-01.)

Nor should Mr. Lechmann be permitted to offer legal conclusions, such as whether the accused SynFix-LR practices the Lechmann '207 patent. He is not an attorney, nor was he ever qualified as an expert to analyze whether the features and functionality of SynFix-LR embody Lechmann '207. This is precisely what DePuy intends to use his testimony for, as Mr. Lechmann stated in his declaration that "the preferred embodiment of the 207 patent [is the] SynFix-LR," (D.I. 187-01, ¶ 10), despite previously stating in his deposition that no device "with all the details in the '207 patent" was ever commercialized, (Ex. A, Lechmann Depo. Tr. 65:7-12). Mr. Lechmann's declaration does not contain just factual recall. It includes unqualified (and unreliable) expert opinion and legal conclusions that should be excluded. Fed. R. Evid. 701.

The prejudicial impact of this testimony far outweighs its probative value. Fed. R. Evid. 403. Mr. Lechmann's opinions on the scope and interpretation of his own patent come over *eighteen years* after its filing and contradict the patent's specification. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1256 (Fed. Cir. 2000) ("The trial court, however, was entitled to accord little weight to the 'litigation-induced pronouncements of the inventor,' which were contrary to clear statements in the written description and reissue application."); *Vehicular Technologies Corp. v. Titan Wheel Int'l, Inc.*, 141 F.3d 1084, 1092, (Fed. Cir. 1998). Indeed, when asked at his deposition about the passage in the specification that "the load is still absorbed under compression by the intervertebral implant and not by the front plate or the fixation screws," (Ex. B, Lechmann

'207, 2:30-32), Mr. Lechmann applied a *post-hoc* characterization of the disclosure as "an idealized writing or idealized language"—a position clearly induced by litigation.  (Lechmann Depo. Tr. 33:12-23.)   This belated interpretation of the scope of his own patent's written description is highly prejudicial and deeply unreliable.   The Federal Circuit has warned that "inventors testifying in patent infringement cases" are "tempted to remember facts favorable to their case by the lure of protecting their patent or defeating another's patent." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996).   This is especially true where, as here, Mr. Lechmann is still employed at the company.  *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998).

Rather than have serial disputes during trial, which would take undue time, RSB requests that DePuy's lay witnesses—and Mr. Lechmann in particular—be prohibited from offering expert opinions and legal conclusions at trial.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RSB SPINE, LLC,

                Plaintiff,

     v.

DEPUY SYNTHES SALES, INC., and
DEPUY SYNTHES PRODUCTS, INC.,

                Defendants.

Civil Action No. 19-1515-RGA

Judge Richard G. Andrews

**FILED UNDER SEAL**

## DEPUY'S RESPONSE TO RSB'S MOTION *IN LIMINE* #2: EXCLUSION OF UNQUALIFIED EXPERT TESTIMONY AND LEGAL CONCLUSIONS FROM FACT WITNESSES

**Table of Abbreviations**

| Term | Abbreviation |
|---|---|
| RSB Spine, LLC | RSB or Plaintiff |
| DePuy Synthes Sales, Inc. and DePuy Synthes Products, Inc. | DePuy or Defendants |
| Defendants' Zero-P, Zero-P VA, SynFix LR and SynFix Evolution products | The Accused Products |
| U.S. Patent No. 7,846,207 | The '207 patent |
| U.S. Patent No. 6,984,234 | The '234 patent |
| U.S. Patent No. 9,713,537 | The '537 patent |

Mr. Lechmann was the lead engineer for SynFix-LR, the development of which led to the filing of the '207 patent application, of which Mr. Lechmann is an inventor.  As such, he properly may testify to the facts of the SynFix-LR development, how it led to the '207 patent, and the decision to exclude a securing plate from SynFix-LR, which otherwise is identical to the preferred embodiment described and depicted in the patent.  That is not expert testimony; it is fact testimony rationally based on Mr. Lechmann's perception, is helpful to determining a fact at issue, and does not require specialized technical knowledge.  Fed. R. Evid. 701.  RSB's motion is premised on testimony that Mr. Lechmann has not offered and that DePuy does not intend to offer at trial, and would prevent DePuy from explaining how it developed the accused products and the innovations contained in those products.  RSB's attempt to exclude Mr. Lechmann's testimony is prejudicial and should be denied.

**First**, Mr. Lechmann's declaration is a factual recounting of his work with Dr. Cain to design a device—internally called "Alif-Fix"—that "was eventually commercialized as SynFix-LR."  (D.I. 187-01 (Lechmann Decl), ¶2.)  RSB cites multiple cases for the proposition that it is improper for a non-expert witness to opine on technical questions such as infringement—but none are remotely applicable to Mr. Lechmann's intended testimony.  He does not opine on non-infringement; he does not opine on claim construction; he does not walk through any claim limitations.  Instead, he states the fact—known to him both as the '207 patent inventor and the lead engineer in the development of SynFix-LR—that the preferred embodiment depicted in the patent, minus a securing plate, is SynFix-LR.  This is entirely proper.  *See Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 544-45 (Fed. Cir. 2011) (noting appropriate inventor testimony concerning commercial embodiment of the prior art); *E.I. Dupont de Nemours & Co. v. Unifraxi LLC*, No. CV 14-1250-RGA, 2017 WL 11573721, at *1 (D. Del. May 5, 2017) (denying

defendant's motion *in limine* to preclude plaintiff "from arguing or eliciting evidence that [a product] is a commercial embodiment of the patent-in-suit" through "the testimony of [the] inventors based on their personal knowledge and documentary evidence"); *see also Accentra Inc. v. Staples, Inc.*, No. CV 07-5862 ABC (RZX), 2010 WL 11459793, at *3 (C.D. Cal. Oct. 21, 2010) (inventor's testimony sufficient to establish a product as a commercial embodiment of the patent).

RSB mischaracterizes Mr. Lechmann's testimony, arguing that "Mr. Lechmann stated in his declaration that 'the preferred embodiment of the 207 patent [is the] SynFix-LR,' despite previously stating in his deposition that no device 'with all the details in the '207 patent' was ever commercialized." (RSB Op MIL 2 at 2) (citations omitted). RSB omits what Mr. Lechmann actually stated in his declaration, specifically that SynFix-LR is the preferred embodiment ***except that*** it does not have the securing plate for preventing screw backout. (D.I. 187-01 (Lechmann Decl.), ¶10.) Mr. Lechmann further explained that he "provided the patent attorneys technical drawings of SynFix-LR, as it existed near the time of filing the PCT application" that eventually became the '207 patent. (D.I. 187-01 (Lechmann Decl.), ¶6.) He also explained that, after the PCT application was filed, he and the design team decided "the securing plate of the SynFix-LR device . . . was not necessary" and it was removed from the final SynFix-LR design. (*Id.* at ¶7.) Mr. Lechmann's declaration is entirely factual and does not contradict his deposition testimony but, if RSB thinks otherwise, they may cross-examine him at trial.

Mr. Lechmann never once "opined" on non-infringement, and RSB fails to point to a single instance in Mr. Lechmann's testimony or declaration where he gives such an opinion. Instead, RSB seeks to exclude Mr. Lechmann's declaration of facts that undermine RSB's infringement theories. All of the factual statements in Mr. Lechmann's declaration are consistent with the facts to which he testified as both a 30(b)(1) and 30(b)(6) witness, including on topics that specifically

requested information relating to the development of the Accused Products and the conception and reduction to practice of the '207 patent.

**Second**, RSB seeks to exclude Mr. Lechmann's "opinions" on the scope and interpretation of his own patent, claiming that his testimony "applied a *post-hoc* characterization" and "is clearly induced by litigation."  But testimony at trial commonly concerns pre-litigation events and is always "post-hoc"; that is not a basis for excluding testimony.  Similarly, RSB's assertion that Mr. Lechmann's testimony is "deeply unreliable" because he is still employed at DePuy.  This is simply an attack on Mr. Lechmann's credibility (and a weak and unfair one at that).  There is no rule requiring exclusion of witnesses still employed by a party because of alleged bias; it is a matter for cross-examination.  Indeed, such a contention would equally require the exclusion of Mr. Redmond, who is an owner and officer of RSB.  Likewise, Dr. Bray—an equity holder in RSB— has far more at stake in the outcome of this litigation than any witness on DePuy's side, including Mr. Lechmann.  (Ex. 1 (Bray Tr.) 30:8-10, 32:2-12 ("I will get my share of whatever settlement there is as a stockholder[███████████████████████████████████████████ ████████████████████████████].").  *See Woodland Tr. v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998)  ("the interest of the corroborating witness in the subject matter in suit" is to be considered).  Excluding Mr. Lechmann's testimony would be the ultimate double standard.  RSB's Motion *in Limine* #2 should be denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RSB SPINE, LLC,

          Plaintiff,

   v.

DEPUY SYNTHES SALES, INC. and DEPUY
SYNTHES PRODUCTS, INC.,

          Defendants.

Civil Action No. 19-cv-1515-RGA

---

## PLAINTIFF'S MOTION *IN LIMINE* #2 REPLY: EXCLUSION OF UNQUALIFIED EXPERT TESTIMONY AND LEGAL CONCLUSIONS FROM FACT WITNESSES

*OF COUNSEL:*
Erik B. Milch
Dustin M. Knight
COOLEY LLP
11951 Freedom Drive
One Freedom Square
Reston, VA 20190-5656
(703) 456-8000
Bonnie Fletcher-Price
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
(202) 842-7800

Joseph M. Drayton
COOLEY LLP
55 Hudson Yards
New York, NY 10001
(212) 479-6000

Reuben Chen
Elizabeth Stameshkin
David Murdter
Juan Pablo González
COOLEY LLP
3175 Hanover Street

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Plaintiff RSB Spine, LLC*

**Plaintiff's *In Limine* Reply**

Mr. Beat Lechmann should be precluded from offering expert opinions and legal conclusions for failure to comply with Fed. R. Civ. P. 26 ("FRCP 26"). FRCP 26 allows for two types of expert disclosures, including a report per FRCP 26(a)(2)(B) and less onerous summary disclosures per FRCP 26(a)(2)(C) for witnesses exempted from the 26(a)(2)(B) requirements who will "testify as a fact witness and also provide expert testimony under Evidence Rule 207, 703, or 705." Committee Notes on Rules—2010 Am. DePuy failed to avail itself of either option.

Mr. Lechmann should not be allowed to opine *to a jury* as to the interpretation of Lechmann '207, especially when the construction of disputed terms has yet to be decided and is at issue in the pending interference claim, involving a separate issue from the issue of infringement. *Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 424 F.3d 1161, 1167 (Fed. Cir. 2005) (rejecting inventor testimony on patent "interpretation" because it constituted "expert opinion"); *accord Verizon Servs. Corp. v. Cox Fibernet Virginia*, 602 F.3d 1325, 1329 (Fed. Cir. 2010).

Moreover, Mr. Lechmann's testimony that combining SynFix-LR with a securing plate results in Lechmann '207's preferred embodiment comprises prejudicial and improper legal conclusions that lack probative value. *Cf. Corning Inc. v. SRU Biosystems*, No. 03-CV-633, 2005 WL 2465900, at *2 (D. Del. Oct. 5, 2005) (holding that only legal experts may offer legal conclusions). DePuy inaptly cites cases where inventors testified as to commercial embodiments of *asserted* patents. *See, e.g.*, *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 544-45 (Fed. Cir. 2011); *E.I. Dupont de Nemours & Co. v. Unifraxi LLC*, No. CV 14-1250-RGA, 2017 WL 11573721, at *1 (D. Del. May 5, 2017). Here, Mr. Lechmann has provided no such testimony on commercial embodiments of the asserted patents. *Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) ("[N]on-elected patents are irrelevant to the issue of infringement and are potentially confusing to the jury.").

1

Dated:  November 21, 2022

Respectfully submitted,

OF COUNSEL:
Erik B. Milch
Dustin M. Knight
COOLEY LLP
11951 Freedom Drive
One Freedom Square
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher-Price
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
(202) 842-7800

Joseph M. Drayton
COOLEY LLP
55 Hudson Yards
New York, NY 10001
(212) 479-6000

Reuben Chen
Elizabeth Stameshkin
David Murdter
Juan Pablo González
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

*/s/ David A. Bilson*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Plaintiff RSB Spine, LLC*

## **CERTIFICATION**

Pursuant to Local Rule 7.1.1, the undersigned counsel hereby certifies that a reasonable effort was made to reach agreement regarding the subject of the foregoing motion but that agreement could not be reached.

*/s/ David A. Bilson*
David A. Bilson (#4986)