IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSB SPINE, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>DEPUY SYNTHES SALES, INC., and<br>DEPUY SYNTHES PRODUCTS, INC,<br><br>    Defendants. | Civil Action No. 19-1515-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's Motion to Dismiss Defendants' Interference Counterclaims as Moot. (D.I. 297). The patents asserted in this case are U.S. Patent Nos. 6,984,234 ("the '234 patent") and 9,713,537 ("the '537 patent") (together, the "Asserted Patents"). In the counterclaims in question, Defendants seek a declaration of interference under 35 U.S.C. § 291 between each of the Asserted Patents and Defendants' own patent, U.S. Patent No. 7,846,207 ("the '207 patent"). (D.I. 41 at 36, 46). I have considered the parties' briefing (D.I. 298, 301, 302). For the reasons set forth below, Plaintiff's motion is GRANTED as to the '234 patent and DENIED as to the '537 patent.

I found the asserted claims of the '234 patent invalid as anticipated at summary judgment. (D.I. 236). Plaintiff argues that this renders Defendants' counterclaim moot. (D.I. 298 at 13). Defendants respond that because Plaintiff has "stated its intention to appeal the Court's invalidity ruling and assert its '234 patent infringement claims against [Defendants] if successful," their counterclaim "is still live." (D.I. 301 at 13). Defendants cite to a footnote of *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005). I agree with

1

Plaintiff that my summary judgment order renders Defendants' counterclaims moot. As Plaintiff notes, *Exxon Mobil* concerns an entirely different scenario, "the justiciability of the case before the Supreme Court when the defendant intended to oppose a ruling by filing a writ of certiorari with the Supreme Court." (D.I. 302 at 8). What Defendants propose is more akin to arguing at trial that a patent is invalid for obviousness or enablement when it has already been ruled invalid for anticipation at summary judgment. Therefore, Defendants' counterclaim with respect to the '234 patent is moot.

As for the '537 patent, "[a] district court 'has no jurisdiction under § 291 unless interference is established.'" *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 934 (Fed. Cir. 2003) (quoting *Albert v. Kevex Corp.*, 729 F.2d 757, 760-61 (Fed. Cir. 1984)). An interference-in-fact is established under the two-way test, which requires that "invention A must anticipate or make obvious invention B, and invention B must anticipate or make obvious invention A." *Noelle v. Lederman*, 355 F.3d 1343, 1351 (Fed. Cir. 2004).

Plaintiff argues that Defendants made representations before and at trial that directly contradict positions that Defendants must take in order to prove an interference-in-fact. (D.I. 298 at 1). Plaintiff notes that Defendants' representations were "judicial admissions." (D.I. 302 at 1). Therefore, Plaintiff argues, Defendants cannot establish an interference-in-fact between the '537 patent and the '207 patent, and I must dismiss the counterclaim against the '537 patent as moot for lack of subject matter jurisdiction.

Defendants respond that Plaintiff does not invoke estoppel—or any other legal theory—that would support dismissing their claims. (D.I. 301 at 1). Defendants add that, in any case, they are not estopped from abandoning their trial positions, nor from invoking theories that Plaintiff presented at trial, because Plaintiff prevailed over them at trial. (D.I. 301 at 11).

I agree with Defendants that Plaintiff does not provide a legal theory that supports dismissing Defendants' claim against the '537 patent as moot. Defendants, having lost at trial, are certainly not bound by their arguments. Moreover, the contradictory representations Plaintiff points to generally concern the specification of the '207 patent, the "design philosophy" behind it, and its preferred embodiment. (*See generally* D.I. 298 at 2-7). An interference inquiry, however, looks to the claims of the '207 patent. *Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*, 655 F.3d 1291, 1302 (Fed. Cir. 2011). Plaintiff makes many arguments about whether an interference-in-fact exists, but these are the very issues on which the bench trial is to be held. It still seems possible for Defendants to prove an interference-in-fact, and, consequently, it would be premature to dismiss the interference counterclaim as moot.

Therefore, Plaintiffs motion is **GRANTED** as to the '234 patent, Defendants' counterclaim against the '234 patent is **DISMISSED** as moot, and Plaintiff's motion is **DENIED** as to the '537 patent.

IT IS SO ORDERED.

Entered this 11th day of July, 2023

United States District Judge