## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSB SPINE, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>DEPUY SYNTHES SALES, INC. and DEPUY SYNTHES PRODUCTS, INC.,<br><br>               Defendants. | Civil Action No. 19-cv-1515-RGA |

## RSB'S RULE 52(C) MOTION OF NO INTERFERENCE-IN-FACT

OF COUNSEL:

COOLEY LLP
Dustin M. Knight (admitted *pro hac vice*)
Cole G. Merritt (admitted *pro hac vice*)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
(202) 842-7800
dknight@cooley.com
cmerritt@cooley.com

Reuben Chen (admitted *pro hac vice*)
Juan Pablo González (admitted *pro hac vice*)
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000
rchen@cooley.com
jgonzalez@cooley.com

Dated: April 7, 2025

PHILLIPS, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (Bar No. 110)
David A. Bilson (Bar No. 4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Plaintiff RSB Spine, LLC*

RSB respectfully moves for judgment that there is no Interference-in-Fact under Rule 52(c) and for dismissal for lack of subject matter jurisdiction under pre-AIA 35 U.S.C. § 291. RSB submits that DePuy failed to carry its burden to prove an interference-in-fact after resting its case in this first phase of trial and the Court need go no further.

"In order for an interference-in-fact to exist, invention A must anticipate or make obvious invention B, and invention B must anticipate or make obvious invention A, thereby meeting both prongs of the 'two-way' test." *Noelle v. Lederman*, 355 F.3d 1343, 1351 (Fed. Cir. 2004). DePuy has failed to satisfy its burden in either direction under the two-way test. For the first prong, DePuy has not shown that any combination of Claim 17 of the '207 patent and the prior art anticipate or render obvious Claims 10 or 14 of the '537 patent for at least three reasons.

*First*, DePuy failed to show that the recited "front plate" in Claim 17 of the '207 patent is configured "to bear weight to hold the vertebral bones while sharing weight with bone graft material for fusion." DePuy's expert Dr. Cheng agreed the claim does not expressly recite weight-bearing. All DePuy's witnesses acknowledge that the '207 patent's specification identifies that the claimed "front plate" is intended not to bear weight. A POSA reviewing the claims in light of the specification would not have understood the "front plate" recited in Claim 17 of the '207 patent to disclose or render obvious the "bear weight" limitation from Claim 1 of the '537 patent.

*Second*, DePuy failed to show that Claim 17 of the '207 patent, alone or in combination with Shepard, discloses or renders obvious the structural limitations for lateral tabs in Claim 10 of the '537 patent. Dr. Cheng acknowledged that the "front plate" in Claim 17 of the '207 patent does not disclose the lateral tabs in Claim 10 of the '537 patent. Dr. Cheng also admitted that the projections in Figures 14 and 15 of Shepard do not extend from opposite ends of a bottom surface of a base plate as Claim 10 of the '537 patent requires. DePuy also failed to provide evidence of a

motivation to combine the medially-positioned projections in Shepard with the "front plate" from Claim 17 of the '207 patent to arrive at the structural limitations for lateral tabs of Claim 10 of the '537 patent, let alone how it would be accomplished. To the contrary, the '207 patent teaches away from using Shepard medially-positioned projections because it already has a connection mechanism between its "front plate" and "three-dimensional body" in the form of lateral rails.

*Third*, DePuy has not shown that Claim 17 of the '207 patent, alone or in view of the prior art, discloses or renders obvious a base plate with a first and second "bone engaging region fully extending uninterrupted between the lateral extents" of a first and second end. Dr. Cheng admits that these structural limitations are not in Claim 17 of the '207 patent and instead points to regions from Figure 7 of the '207 patent specification. But the Federal Circuit has made clear that the proper analysis under the two-way test is to compare the claims, not disclosures in the specification. The specification is not relevant for purposes of disclosing a missing limitation. *See Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1083 (Fed. Cir. 1988) ("It is thus correct, and necessary, to compare claims, not disclosures, when comparing issued patents under section 291."); *accord Noelle*, 355 at 1352; *see also Wang v. Aziz*, Interference No. 105,691 (Paper 23), 10-11 (B.P.A.I. Sep. 28, 2010) ("[T]he test for interference-in-fact focuses solely on the claims; therefore the obviousness analysis does not consider information in the specification except for the purpose of providing context and explanation for the claims.").

DePuy's argument on Claim 14 of the '537 patent, at best, is nothing more than conclusory statements by its expert and attorney argument. Dr. Cheng and DePuy provide no factual basis to support DePuy's obviousness assertions. The Federal Circuit has cautioned against relying on general POSA knowledge in precisely these circumstances. In *Arendi S.A.R.L. v. Apple*, the Federal Circuit cautioned that common sense or general knowledge "cannot be used as a wholesale

substitute for reasoned analysis and evidentiary support, especially when dealing with a limitation missing from the prior art." 832 F.3d 1355, 1362 (Fed. Cir. 2016).

Turning to the second prong, DePuy fails to show that Claims 10 and 14 of the '537 patent in combination with the prior art render obvious Claim 17 of the '207 patent for at least two reasons.

*First*, DePuy has failed to show that Claims 10 and 14 of the '537 patent render obvious the "three-dimensional body" limitation in the '207 patent. It is undisputed that the "three-dimensional body" limitation, with its recited "teeth" and "partial borehole" structures, is not recited in Claims 10 and 14 of the '543 patent. Before trial, Dr. Cheng relied *exclusively* on Fraser '222 for the "three-dimensional body" limitation. But Fraser '222 was filed on **March 31, 2003**, almost two months after when the Court ruled that the '207 patent can claim priority, February 6, 2003. Fraser '222 is not prior art. And, in any event, Fraser '222's cage lacks partial boreholes and cannot satisfy the claim language.

At today's trial, Dr. Cheng relied on Fig. 3 of the '537 specification to argue that bone graft 12 is a "three-dimensional body" with "partial boreholes" and that one of ordinary skill in the art would have also been motivated to add "teeth" to bone graft 12. However, on cross-examination (and during his deposition), Dr. Cheng admitted that neither Fig. 3 nor the accompanying description in the specification reference any "partial borehole" in bone graft 12. Further, there is no "teeth" shown on Fig. 3 nor is bone graft 12 described as having teeth in the '537 specification. Again, the Federal Circuit cautioned that common sense or general knowledge "cannot be used as a wholesale substitute for reasoned analysis and evidentiary support, especially when dealing with a limitation missing from the prior art." *Arendi*, 832 F.3d at 1362. Additionally, because claim 10 of the '537 recites lateral tabs, there would be no motivation for a person of ordinary skill in the

3

art to combine claim 10 with a bone graft with teeth as the teeth would serve the duplicative function of subsidence control and migration resistance. Moreover, it is legally impermissible for Dr. Cheng and DePuy to rely on the '537 specification to fill in the missing limitations of a "three-dimensional body" with "partial boreholes" and "teeth." *See Ad. Transformer Co.*, 837 F.2d at 1083; *accord Noelle*, 355 at 1352; *see also Wang*, Interference No. 105,691 (Paper 23), 10-11.

*Second*, DePuy has not shown that Claims 10 and 14 of the '537 patent recite or render obvious the "front plate" that includes a "first bore hole and [] second borehole each being aligned with a respective first and second partial borehole" in the '207 patent's claimed three-dimensional body. Claim 17 contemplates a front plate and three-dimensional body that are designed to interface with each other. This is not true of Claims 10 and 14 of the '537 patent. DePuy has provided no reasoning or evidence that would render the specific design of Claim 17 of the '207 patent's "front plate" obvious. DePuy failed to address this limitation altogether, and like DePuy's other arguments, a POSA's general knowledge cannot be used to fill this missing limitation.

If DePuy failed to show that any single limitation, in either direction, was not anticipated or rendered obvious under the two-way test, there would be no interference-in-fact. Here, DePuy failed to satisfy the two-way test in either direction, for multiple claim limitations in each direction. For these reasons, RSB requests the Court grant RSB's motion, determine no interference-in-fact exists, and dismiss DePuy's interference counterclaim with prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

| | |
|---|---|
| COOLEY LLP | */s/ David A. Bilson* |
| Dustin M. Knight (admitted *pro hac vice*) | John C. Phillips, Jr. (Bar No. 110) |
| Cole G. Merritt (admitted *pro hac vice*) | David A. Bilson (Bar No. 4986) |
| 1299 Pennsylvania Avenue NW, Suite 700 | PHILLIPS, MCLAUGHLIN & HALL, P.A. |
| Washington, DC 20004 | 1200 North Broom Street |
| (202) 842-7800 | Wilmington, DE 19806 |

| | |
|---|---|
| dknight@cooley.com<br>cmerritt@cooley.com | (302) 655-4200<br>jcp@pmhdelaw.com<br>dab@pmhdelaw.com |
| Reuben Chen (admitted *pro hac vice*)<br>Juan Pablo González (admitted *pro hac vice*)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>(650) 843-5000<br>rchen@cooley.com<br>jgonzalez@cooley.com | *Attorneys for Plaintiff RSB Spine, LLC* |

Dated: April 7, 2025