IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSB SPINE, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DEPUY SYNTHES SALES, INC., and<br>DEPUY SYNTHES PRODUCTS, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 19-1515-RGA |

MEMORANDUM ORDER

The parties dispute what sort of judgment I should now enter and whether Defendants have preserved their ensnarement defense. (D.I. 390). The first issue is impacted by the second issue.

I think Defendants have preserved their ensnarement defense. I do not think it had to be specifically set forth in the pretrial order, as it presented a legal question that could not be addressed until after the jury trial and even then only if Plaintiff obtained a verdict of DOE infringement (as it in fact did).[1] Further, Defendants raised the issue multiple times, and my response was that we would deal with the issue post-trial, to which Plaintiff agreed. (*See* D.I. 244-5 at 7-8 (Defendant's statement of issues of law); D.I. 287 at 263-64 (Plaintiff's agreement on first day of jury trial); D.I. 292 (stating that after "final judgment," I would hear Defendants' "legal limitations on the doctrine of equivalents" motion)). Thus, the issue is preserved, and I think Plaintiff has forfeited any objection even if it were not.

---

[1] I think *Jang v. Boston Scientific Corp.*, 872 F.3d 1275, 1287-90 (Fed. Cir. 2017) and *Siemens Mobility Inc. v. Westinghouse Air Brake Technologies Corp.*, 2019 WL 1040539 at *1 (D. Del. Mar. 5, 2019) both support my conclusion.

The parties raise other issues in regard to ensnarement. In this regard, I am going to follow the procedure set forth in *Siemens Mobility*, 2019 WL 1040539 at *1. That is, Plaintiff shall propose a "hypothetical claim" for each of the two asserted claims no later than October 27, 2025. The parties shall meet and confer and, no later than November 3, 2025, file either agreed-to hypothetical claims or each party's proposals, without argument. Defendants thereafter shall serve on Plaintiff, no later than November 17, 2025, their prior art challenges to the hypothetical claims in the form of claim charts. The prior art must have been produced in discovery, but it need not have been identified in the pretrial order or at trial. If Defendants seek to rely on any expert opinions, the opinions need to be disclosed in a suitable expert report no later than November 17, 2025. If Plaintiff seeks to rely upon any expert opinions, the opinions need to be disclosed no later than December 2, 2025. Thereafter, Defendants must file an opening brief by December 10, 2025; Plaintiff an answering brief by December 22, 2025; and Defendants a reply brief by January 6, 2026. If the parties rely upon expert opinions, there will be a hearing at which I expect the experts to testify on March 9, 2026 at 9 a.m.

The schedule for briefing on the post-judgment motions has been separately agreed to by the parties, and that briefing shall proceed as set forth in the separate judgment. Although I have referred to that judgment as a "final judgment" (D.I. 292), I do not think I can enter a final judgment until I resolve the ensnarement issue.

I will need to resolve requests for pre- and post-judgment interest. The parties should meet and confer on this. I encourage the parties to resolve these issues by agreement.

IT IS SO ORDERED this 20th day of October 2025.

United States District Judge